IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DON CORRAL, A/K/A DONACIANO CORRAL, | ) |
| | ) No. 17 cv |
| Plaintiff | ) |
| | ) Honorable Judge |
| v. | ) |
| | ) Magistrate Judge |
| TEAM TECHNOLOGIES, INC., ASHWIN PATEL, | ) |
| INDIVIDUALLY AND RICH WAGNER, INDIVIDUALLY | ) **JURY DEMAND** |
| | ) |
| Defendants | ) |

## COMPLAINT

NOW COMES Plaintiff, DON CORRAL, A/K/A DONACIANO CORRAL, by and through his attorney, JOHN W. BILLHORN, and for his complaint against Defendants, TEAM TECHNOLOGIES, INC., ASHWIN PATEL, INDIVIDUALLY, AND RICH WAGNER, INDIVIDUALLY, states as follows:

### I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.* and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

### II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are engaged in business in this district.

### III. THE PARTIES

3. Defendant, TEAM TECHNOLOGIES, INC., is a manufacturer of injection molding products. Defendant TEAM TECHNOLOGIES, INC., is an "enterprise" as defined by Section 3(r)(2)(A) of the FLSA, 29 U.S.C. § 203(r)(2)(A), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(B), 29 U.S.C. §203(s)(1)(B). During all relevant times Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Defendants, ASHWIN PATEL, INDIVIDUALLY, AND RICH WAGNER, INDIVIDUALLY, form some or all of the management segment of TEAM TECHNOLOGIES, INC., and at all times relevant hereto were acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, are "employers".

5. Plaintiff, DON CORRAL, A/K/A DONACIANO CORRAL, is a former employee who performed labor work in the manufacturing area. As an employee performing duties for an enterprise engaged in commerce, Plaintiff was also engaged in commerce as defined by the FLSA.

6. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendants.

### IV. STATUTORY VIOLATIONS

#### Action Under The Fair Labor Standards Act

7. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff to recover damages caused by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks

2

an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

8. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count III of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

9. Plaintiff at all times pertinent to the cause of action was employed by Defendants, said employment being integral and indispensable to Defendants' business.

10. Defendant employed the Plaintiff on a "salaried" basis when, in fact, the job duties of Plaintiff did not and do not qualify under any of the exemptions established by the FLSA. As such, Plaintiff was required to work in excess of forty (40) hours in a workweek, without pay for those hours over forty (40) at a rate of time and one-half his regular hourly rate, pursuant to the requirements of the federal and state statutes herein relied upon.

11. Additionally, outside of and in addition to his regular employment duties for Defendants, Plaintiff was required to be 'on call' at all other times to respond to problems with the production line machinery. During Plaintiff's time performing on-call duties, he was engaged to wait for work assignments and was unable to use the time effectively for his own purposes. Plaintiff was not compensated for this compensable on-call work time.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-11. Paragraphs 1 through 11 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 11 of this Count I.

12. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the named Plaintiff, is entitled to compensation for all hours worked, including all compensable on-call time, and compensation at a rate not less than one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

13. Defendants have at all times relevant hereto failed and refused to pay compensation to the named Plaintiff herein as described above.

WHEREFORE, Plaintiff, on behalf of himself, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-13 Paragraphs 1 through 13 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 13 of Count II.

14. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policy and practice were in violation of those statutes.

15. Pursuant to the Fair Labor Standards Act, Plaintiff is entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorney's fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-15. Paragraphs 1 through 15 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 15 of Count III.

16. In denying Plaintiff compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

17. Plaintiff is entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-17. Paragraphs 1 through 17 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 17 of this Count IV.

18. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

19. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

20. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff is are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 10/24/2017*

/s/ John W. Billhorn
_____
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 840
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiff